DANIEL "SPARKY" ABRAHAM, Bar No. 299193
sparky@jubilee.legal
JUBILEE LEGAL
300 E. Esplanade Dr., Suite 900
Oxnard, CA 93036
Telephone:   (805) 946-0386
Fax No.:     (805) 620-7834

MICHAEL F. CARDOZA, Bar No. 194065
Mike.Cardoza@cardozalawcorp.com
LAUREN B. VEGGIAN, Bar No. 309929
Lauren.Veggian@cardozalawcorp.com
THE CARDOZA LAW CORPORATION
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Fax:         (415) 651-9700

Attorneys for Plaintiff
MICHAEL ECONOMIDES

*Additional Counsel listed on next page*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ECONOMIDES,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HIRERIGHT, LLC and ROES, 1-10,<br><br>　　　　　　Defendants. | Case No.  1:24-cv-00145-JLT-BAM<br><br>**STIPULATED FRE 502(d) AND (e) CLAWBACK ORDER** |

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA 94105
415.433.1940

4880-3394-8358.1 / 084143-1100
STIPULATED FRE 502(d) AND (e) CLAWBACK ORDER

Case No.  1:24-cv-00145-JLT-BAM

1  ROD M. FLIEGEL, Bar No. 168289
   rfliegel@littler.com
2  LITTLER MENDELSON, P.C.
   101 Second Street
3  Suite 1000
   San Francisco, California  94105
4  Telephone:    415.433.1940
   Fax No.:      415.399.8490
5
   RACHEL E. SIMONS, Bar No. 322804
6  Resimons@littler.com
   LITTLER MENDELSON, P.C.
7  500 Capitol Mall
   Suite 2000
8  Sacramento, California  95814
   Telephone:    916.830.7200
9  Fax No.:      916.561.0828

10 Attorneys for Defendant
   HIRERIGHT, LLC

**WHEREAS**, the parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production if they are produced during this litigation whether pursuant to a Court Order, a parties' discovery request or informal production.

**WHEREAS**, both parties may have to produce large volumes of Documents. The parties wish to comply with discovery deadlines and complete discovery expeditiously, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties in other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so.

**WHEREAS**, to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

(a) was not inadvertent by the Producing Party;

(b) that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

(c) that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

(d) that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

**WHEREAS,** because the purpose of this Stipulation is to protect and preserve privileged Documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

///

Accordingly, the parties hereby **STIPULATE**, and the Court hereby **ORDERS** pursuant to Federal Rules of Evidence 502(d) and (e), as follows:

1. The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

2. The inadvertent disclosure or production of any Document this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

3. If, during this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

    (a) the Receiving Party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the Producing Party in writing it has discovered Documents believed to be privileged or protected; (iii) specifically identify the Protected Documents by Bates number range or hash value, and, (iv) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work

product Protected Documents.

(b) If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. If any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

4. If, during this litigation, a party determines it has produced a Protected Document:

(a) the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. If any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

      (b)     The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. If a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

5.    If the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 3(b) and 4(a), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

6.    The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

      (a)    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

      (b)    the disclosure of the Protected Documents was not inadvertent;

      (c)    the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

      (d)    the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

7.    Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected

Documents for any purpose absent this Court's Order.

8. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

9. Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

10. Once executed by all parties, the Stipulation shall be by treated by the parties as an Order of Court until it is formally approved by the Court.

11. By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 5, 2024

*/s/ Daniel "Sparky" Abraham (as authorized on 6/5/24)*
DANIEL "SPARKY" ABRAHAM
JUBILEE LEGAL
Attorneys for Plaintiff
MICHAEL ECONOMIDES

Dated: June 5, 2024

*/s/ Lauren B. Veggian (as authorized on 6/4/24)*
MICHAEL F. CARDOZA
LAUREN B. VEGGIAN
THE CARDOZA LAW CORPORATION
Attorneys for Plaintiff
MICHAEL ECONOMIDES

Dated: June 5, 2024

*/s/ Rachel E. Simons*
ROD M. FLIEGEL
RACHEL E. SIMONS
LITTLER MENDELSON, P.C.
Attorneys for Defendant
HIRERIGHT, LLC

## ORDER

Having considered the parties' stipulated FRE 502(d) and (e) Clawback Order, and finding good cause, the Court adopts the stipulated order. (Doc. 17.)

IT IS SO ORDERED.

Dated:   **June 6, 2024**            /s/ *Barbara A. McAuliffe*
                              UNITED STATES MAGISTRATE JUDGE